UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO LOPEZ SANTANA, | No. 1:26-cv-00915-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| DAVID MARIN, et al., | |
| Respondents. | |

Presently before the Court is Petitioner's Motion to Enforce. (ECF No. 28.) For the reasons stated below, Petitioner's Motion is granted. The Court orders that Respondents provide Petitioner with a new bond hearing.

**BACKGROUND**

Petitioner Danilo Lopez Santana is an immigration detainee presently in the custody of Immigration and Customs Enforcement ("ICE"). The Court previously granted Petitioner's Petition for Writ of Habeas Corpus, finding that Respondents' detention of Petitioner without a bond hearing was in violation of 8 U.S.C. § 1226. (ECF Nos. 19, 21.) The Court ordered that Petitioner be provided with a bond hearing before an Immigration Judge ("IJ"). (ECF No. 21.)

On March 30, 2026, Petitioner appeared before an IJ for the scheduled hearing. At the conclusion of the hearing, the IJ denied Petitioner's request for

1

release on bond, finding that Petitioner was "both a danger and a flight risk." (Bond Hearing Tr. (ECF No. 32-1 at 8:3–6).) The IJ subsequently issued a written order that restated the denial of bond on the basis that Petitioner was "both a danger and such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk." (IJ Order (ECF No. 28-1) at 3.)

Petitioner now argues that the hearing he was provided was insufficient under section 1226(a) and due process. (Mot. (ECF No. 28).) Specifically, Petitioner argues that "The IJ's decision was conclusory and failed to provide a meaningful individualized analysis." (*Id.* at 4.) Respondents oppose Petitioner's Motion. (Opp'n (ECF No. 32).)

**LEGAL STANDARD**

The Court has jurisdiction to enforce its own orders. *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Petitioner is seeking to enforce the Court's Order as to the legal sufficiency of the bond hearing. Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was provided. Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

When reviewing an IJ's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

## DISCUSSION

The Court finds that the IJ's determination that Petitioner was such a danger and flight risk that no amount of bond was appropriate was an abuse of discretion. The Ninth Circuit has clearly held that a court "abuses its discretion when it fails to 'consider and address in its entirety the evidence submitted by a petitioner' and to 'issue a decision that fully explains the reasons for denying . . .'" relief. *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (discussing the denial of a motion to reopen and citing *Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir. 2005).) The record here is clear that the IJ did not provide any explanation for the reasons for denying Petitioner release on bond.

At the conclusion of the bond hearing, the IJ only stated, "I am concluding that the Department has shown, by clear and convincing evidence, that respondent is both a danger and a flight risk. I am denying bond." (Bond Hearing Tr. at 8:4–5.) The IJ did not provide any indication of the basis for that decision, including the evidence that was relied upon and the factors considered. Similarly, the written order issued by the IJ simply stated, "this Court concludes that the Department has established both [that Petitioner is a danger and a flight risk]. Specifically, the Court concludes that the Department has established by clear and convincing evidence that [Petitioner] is both a danger and such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk." (IJ Order at 3.) No further explanation for that determination was provided. Moreover, given that the Department had made no substantive argument aside from saying "Yes your honor" in response to a question as to whether the Department opposed bond (Bond Hearing Tr. at 8:1), the Court cannot glean what arguments the Immigration Judge may have been considering in rendering its decision.

The IJ's failure to provide any explanation for the bond denial, including addressing the evidence submitted and the factors that the IJ considered, was an abuse of discretion. *See Miri v. Bondi*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL

3

622302, at *9 (C.D. Cal. Mar. 5, 2026); *see also Franco-Rosendo*, 454 F.3d at 966.  The Court appreciates that the caseload in the immigration courts is likely overwhelming.  If the present flood of habeas petitions in this district is any indication, the IJs' time is almost certainly spread incredibly thin.  However, it is still necessary for petitioners to be granted meaningful and fair consideration, and for the IJ to explain her decision to enable review of whether that decision was an abuse of discretion.  This does not mean that the IJ must address every possible piece of evidence.  *See Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024).  But it does require that the IJ consider and address that evidence and issue a decision that fully explains the IJ's reasoning.  *Franco-Rosendo*, 454 F.3d at 966.

Respondents argue in favor of the Court denying Petitioner's Motion on exhaustion grounds.  The Court declines to do so as Petitioner was granted a bond hearing only by order of this Court and Petitioner's Motion seeks compliance with that Order.

Given the above, the Court grants Petitioner's Motion on the basis that the IJ's decision was an abuse of discretion based on the failure to consider and address the evidence, as well as the failure to provide an explanation for the decision to deny bond.  The Court will order that Respondents provide Petitioner with a new bond hearing.[1]

////

////

////

////

////

////

---

[1] The Court declines to find that the IJ was not a neutral decisionmaker on the basis that they previously disclaimed jurisdiction; the fact that a judge previously made a legal determination which was later rejected by another court does not render them biased.  Petitioner has not presented an adequate basis for the Court to make the finding Petitioner seeks.

4

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's Motion to Enforce (ECF No. 28) is GRANTED.

2.  Within 10 days of this Order, Respondents shall afford Petitioner a new bond hearing that complies with the Court's prior order.  (*See* ECF No. 21.)

3.  Petitioner's Motion to Shorten Time (ECF No. 34) is DENIED AS MOOT.[2]

IT IS SO ORDERED.

Dated:   **April 30, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that to the extent that Petitioner sought an expedited ruling based on the possibility that the Immigration Court will order Petitioner removed, this is not an appropriate basis for relief.  The Court lacks jurisdiction to impede the lawfully issuance of removal orders.  8 U.S.C. § 1252(g)