UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANILO LOPES SANTANA,

Petitioner,

v.

DAVID MARIN, et al.,

Respondents.

No. 1:26-cv-00915-DJC-JDP

ORDER

Petitioner is an immigration detainee who received a bond hearing before an Immigration Judge in response to this Court's prior Order that Respondents provide him with one. At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner was danger to the community and flight risk. Petitioner now files a Motion challenging the bond hearing he received, contending that it was constitutionally inadequate. For the reasons discussed below, Petitioner's Motion is DENIED.

**BACKGROUND**

This Court previously granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a constitutionally adequate custody hearing. (ECF Nos. 19, 21.) A hearing was held on March 30, 2026, and the

1

Immigration Judge denied bond based on Petitioner being a danger to the community and a risk of flight.  (ECF No. 32-1 at 8:3–6).)  Petitioner then filed a motion to enforce judgment, arguing that the hearing he was provided was insufficient under 8 U.S.C. § 1226(a) and due process.  (ECF No. 28.)  This Court agreed and ordered a new bond hearing.  (ECF Nos. 21, 35.)  A second bond hearing was held on May 7, 2026, and the Immigration Judge again denied bond based on finding that the Petitioner was a danger to the community and a flight risk.  (*See* IJ Decision (ECF No. 40-1) at 1).

On May 4, 2026, an Immigration Judge denied Petitioner's applications for asylum and Withholding of Removal and ordered Petitioner removed to Brazil (Removal Order (ECF No. 44-1)) and Petitioner did not appeal the decision.  Petitioner now brings the instant Motion to Enforce Judgment and seeks release from custody.  (Mot. Enforce ("Mot.") (ECF No. 40).)  On June 25, 2026, Petitioner was transferred to the Central Louisiana ICE Processing Center.  (ECF No. 48).  The matter is fully briefed (Opp'n (ECF No. 44); Reply (ECF No. 45)).

## LEGAL STANDARD

The Court has jurisdiction to enforce its own orders.  *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006).  Petitioner is seeking to enforce the Court's Order as to the legal sufficiency of the bond hearing.  Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was provided.  Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

When reviewing an IJ's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard.  *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024).  Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct

2

legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

**DISCUSSION**

Petitioner argues that he did not receive a constitutionally adequate custody hearing because DHS failed to meaningfully appear and present a developed adversarial justification for continued detention. Additionally, Petitioner contends that the IJ's ruling fails to satisfy constitutional requirements because it lacks individualized findings and a contemporaneous and reviewable record. Respondents do not dispute Petitioner's arguments about the bond hearing, but instead state that Petitioner is now subject to mandatory detention under 8 U.S.C. § 1231(a)(2) due to his removal order becoming finalized. (Opp'n at 1–2.) Petitioner does not dispute that the removal order has become final. (*See* Reply at 2–3.)

Previously, this Court had found Petitioner's detention was governed by section 1226(a), and Respondents were ordered to provide Petitioner with a hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations. (*See* ECF Nos. 19, 21, 27.) However, Petitioner is now subject to a final order of removal after an IJ ordered Petitioner removed and Petitioner did not appeal within the applicable timeframe. (*See* Opp'n at 1; Removal Order at 1; Reply at 3.) Accordingly, the authority under which he is detained shifts from section 1226(a) to section 1231(a)(2). *See Avilez v. Garland,* 69 F.4th 525, 530 (9th Cir. 2023) (". . . [s]ection 1231(a) applies to detention after the entry of a final order of removal.").

Under section 1231(a)(1), DHS must physically remove a noncitizen from the United States within a 90-day "removal period." *Johnson v. Guzman Chavez,* 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). The removal period begins on the latest of three dates: (1) when the removal order becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date

when a non-citizen is released from non-immigration detention or confinement. *Id.* (citing § 1231(a)(1)(B)).  During the removal period, "detention is mandatory."  *Id.* (citing § 1231(a)(2)).

The Court takes Petitioner's point that the issue raised in his Motion is whether Respondents provided Petitioner with an adequate bond hearing, as was ordered by this Court.  Upon review of the record, the Court expresses concern about the limited reasoning in the IJ's decision and lack of meaningful appearance by DHS at the hearing.  The written order reads, "[d]anger and flight risk.  See recent removal order and police report in evidence for pending domestic violence charges."  (IJ Decision at 1.)  Although Petitioner's criminal record is one of the factors an Immigration Judge may consider, the Court notes that the charges against Petitioner are currently pending and it is unclear from the decision how the IJ weighed those charges and the removal order against the other forms of evidence presented by Petitioner in determining risk of flight or dangerousness.  *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) *(*explaining that an abuse of discretion exists where the Immigration Judge fails to 'consider and address in its entirety the evidence submitted by a petitioner' and to 'issue a decision that fully explains the reasons for denying . . ." relief).  However, as the circumstances in the case have shifted, Petitioner's detention is no longer governed by section 1226(a), and instead he is within a 90-day window during which time his detention is mandatory.  Nevertheless, should Petitioner's detention outside of this timeframe become prolonged, Petitioner may bring a separate claim seeking relief.

////

////

////

////

////

////

4

**CONCLUSION**

For the reasons discussed above, the Court DENIES Petitioner's Motion to Enforce (ECF No. 40).  Respondents are ORDERED to confirm Petitioner's current detention location and the date of transfer within seven days of this Order.

IT IS SO ORDERED.

Dated:    **July 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – LOPESSANTANA26cv00915.mte